| **AMENDED ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) 15-ap-00519 |
|---|---|
| **PLAINTIFFS** Ronald R. Peterson, as chapter 7 trustee for Mack Industries, Ltd. | **DEFENDANTS** Tex-Mex Construction and Carlos Tamez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Ariane Holtschlag<br>FactorLaw; 105 W. Madison, Suite 1500; Chicago, IL 60602<br>Tel:     312-878-4830; Email: aholtschlag@wfactorlaw.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor            ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor          ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor            ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor          ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The statutory and legal predicates for the relief sought herein are sections 502, 544, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $     $401,976.37 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Mack Industries, Ltd., *et al.* | BANKRUPTCY CASE NO.<br>17-09308 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Carol A. Doyle |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ *Ariane Holtschlag* | | |
| DATE: 3/22/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ariane Holtschlag | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.
**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br>**Mack Industries, Ltd.,** *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Bankruptcy No. 17-09308<br>(Jointly Administered)<br><br>Honorable Carol A. Doyle |
| **Ronald R. Peterson, as chapter 7 trustee for Mack Industries, Ltd.,**<br><br>Plaintiff,<br>v.<br><br>**Tex-Mex Construction and Carlos Tamez,**<br><br>Defendant(s). | Adversary No. 19-ap-00519 |

## AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502

Ronald R. Peterson, not individually, but solely in his capacity as the chapter 7 trustee ("***Trustee***") of the bankruptcy estate of Mack Industries Ltd. (the "***Debtor***"), brings this complaint against Tex-Mex Construction and Carlos Tamez (collectively, ***"Tex-Mex"***), and states as follows:

---

[1] The Debtors, with their respective bankruptcy case numbers, are as follows: Mack Industries, Ltd. (17-09308); Oak Park Avenue Realty, Ltd. (17-16651); Mack Industries II, LLC (17-16859); Mack Industries III, LLC (17-17106); Mack Industries IV, LLC (17-17109); Mack Industries V, LLC (18-03445); and Mack Industries VI, LLC (18-03451).

## NATURE OF THE CASE

1. Pursuant to sections 544, 548 and 550 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*, the "**Bankruptcy Code**"), the Trustee seeks to avoid and recover from Tex-Mex or any other entity for whose benefit such Transfers[2] were made, any Transfers by the Debtor that occurred up to 10 years before the Debtor's petition date that were made for less than reasonably equivalent value.

2. In addition, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Tex-Mex has filed or asserted against the Debtor. The Trustee does not waive but hereby reserves all of his rights and the rights of the estate to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) to (j) of the Bankruptcy Code.

## JURISDICTIONAL ALLEGATIONS

3. Pursuant to 28 U.S.C. § 1334(b), this court has subject matter jurisdiction over this adversary proceeding, which arises under, and relates to, a case under the Bankruptcy Code pending in the United States Bankruptcy Court for the Northern District of Illinois, captioned *In re: Mack Industries, Ltd., et al.*, Case No. 17-09308.

4. The statutory and legal predicates for the relief sought herein are sections 502, 544, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2)(B) and (H), and the Court may enter final orders for matters contained herein. To the extent this adversary proceeding is deemed a proceeding in which the Court may not constitutionally enter final orders absent the consent of the litigants, the Trustee consents to the entry of final orders by the Court in this adversary proceeding.

---

[2] Capitalized terms not otherwise defined are defined *infra*.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

7. On March 24, 2017, Mack Industries, Ltd. ("***Mack Ltd.***") filed a case under chapter 11 of the Bankruptcy Code (the "***Mack Ltd. Case***").

8. On June 1, 2017, the Court entered an Order converting the Mack Ltd. Case to a case under chapter 7. (Case No. 17-09308, Dkt. 92.) On the same date, the U.S. Trustee duly appointed Ronald R. Peterson as the chapter 7 Trustee. (Case No. 17-09308, Dkt. 84.)

9. Five entities affiliated with Mack Ltd.—Mack Industries II LLC, Mack Industries III LLC, Mack Industries IV LLC, Mack Industries V LLC, and Mack Industries VI LLC—also filed petitions for relief under chapter 7 of the Bankruptcy Code, and the U.S. Trustee has appointed Ronald R. Peterson as the chapter 7 Trustee in these additional cases (collectively with the Mack Ltd. Case, the "***Mack Cases***"). (See Case No. 17-16859, Dkt. 8; Case No. 17-17106, Dkt. 6; Case No. 17-17109, Dkt. 7; Case No. 18-03445, Dkt. 6; Case No. 18-03451, Dkt. 5.)

10. On June 21, 2017, and February 15, 2018, the Court ordered the joint administration of the Mack Cases. (Case No. 17-09308, Dkt. 110 & 369.)

11. Certain creditors of Oak Park Avenue Realty, Ltd. ("***Oak Park***"), an affiliate of Mack Ltd., filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code against Oak Park (the "***Oak Park Case***"). (Case No. 17-16651, Dkt. 1.)

12. On June 29, 2017, the Court entered an order for relief in the Oak Park Case and, on July 12, 2017, granted Oak Park's motion to convert the Oak Park Case to a case under chapter 7. (See Case No. 17-16651, Dkt. 22 & 29.)

13. The U.S. Trustee appointed Ronald R. Peterson as the chapter 7 Trustee in the Oak Park Case. (Case No. 17-16651, Dkt. 31.) The Oak Park

Case is being jointly administered with the Mack Cases. (Case No. 17-09308, Dkt. 132.)

## FACTS COMMON TO ALL COUNTS

14. Prior to the Debtor's petition date, the Debtor and its related entities engaged in the business of wholesale real estate investing, management, and development.

15. The Debtor was part of a larger group of entities, including Oak Park Avenue Realty Ltd., Mack Industries II LLC, Mack Industries III LLC, Mack Industries IV LLC, Mack Industries V LLC, Mack Industries VI LLC, Mack LOC I LLC, Mack LOC II LLC, Mack LOC III LLC, 2300-16 S. Central LLC, Wheelhouse Investments, Lakewood Partners LLC, Nola North LLC, Mack Developers Inc., Holbrook Partners LLC, Oak Crest LLC, Mack Investments I LLC, Mack Investments II LLC, and others.

16. During the course of operations, the Debtor maintained several bank accounts with First Community Financial Bank n/k/a Busey Bank and other banks (the "**Debtor Accounts**").

17. Prior to filing for bankruptcy, the Debtor transferred funds from the Debtor Accounts to pay for goods and/or services received by or for obligations that were incurred by related entities, the Debtor's owners, or the family of the Debtor's owners. The Debtor itself was not obligated to make these transfers.

18. Prior to the Debtor's petition date, it made one or more transfers from the Debtor Accounts to or for the benefit of the Tex-Mex (singularly, a "*Transfer*" and collectively, the "*Transfers*"). According to the Debtor's books and records, the Debtor transferred at least $401,976.37 to Tex-Mex between 2013 and 2017. The Transfers in whole or in part were for payment for goods and/or services received by or for an obligation incurred by a related entity or principal.

19. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional Transfers made to or for the benefit of Tex-Mex during the period for which Transfers can be avoided. It

is the Trustee's intention to avoid and recover all Transfers made by the Debtor that are avoidable under 11 U.S.C. §§ 544 and 548. The Trustee reserves his right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to any defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "*Amendments*"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### COUNT I – AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS
### 740 ILCS 160/5(a)(2), 6(a), and 8(a), and 11 U.S.C. §§ 544(b)(1) and 550(a)

20. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count.

21. The Debtor itself was not obligated to Tex-Mex to make the Transfers on behalf of the related entities or principals. It therefore did not receive reasonably equivalent value for making these Transfers.

22. At the time the Debtor made the Transfers, it was engaged in or was about to engage in a business or transaction for which its remaining assets were unreasonably small.

23. For example, the Debtor entered into a significant business relationship with American Residential Leasing Company LLC ("*American Residential*") in December 2012. This became one of the Debtor's largest business partnerships, under which it was obligated to manage about 500 single-family residential units owned by American Residential. The Debtor lost large sums of money on this deal and was eventually forced to ask for a reworking of the deal to reduce the payments owed to American Residential.

24. At the time the Debtor made the Transfers, it intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

25. For example, the venture with American Residential was losing money at the time of the Transfers, and American Residential was becoming a substantial, unpaid creditor. In 2014, the property taxes on American Residential properties were no longer being paid, and by September 2014, the American Residential contract was in default.

26. At the time of the Transfers, the Debtor was insolvent or became insolvent as a result of them.

27. On information and belief, at all relevant times, the sum of the Debtor's liabilities exceeded the sum of the then–fair value of the Debtor's assets.

28. Creditors existed with standing to bring an action against the Debtor to avoid the Transfers under applicable non-bankruptcy law, including American Residential and the Internal Revenue Service (the "**IRS**"). To the extent the IRS is a creditor, the period for avoiding Transfers is at least 10 years.

29. Based upon the foregoing, the Transfers are avoidable and recoverable pursuant to 740 ILCS 160/5(a)(2), 6(a), and 8(a), and 11 U.S.C. §§ 544(b)(1) and 550(a).

### COUNT II – AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS 11 U.S.C. § 548(a)(1)(B)

30. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

31. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

32. To the extent the Debtor's Transfers to Tex-Mex were for goods and/or services received by or for an obligation that was incurred by a related entity, the Debtor's owners, or the family of the Debtor's owners, the Debtor received less than reasonably equivalent value for the Transfers.

33. At the time of the Transfers, the Debtor was insolvent or became insolvent as a result of the Transfers.

34. At the time of the Transfers, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital.

35. Based upon the foregoing, the Transfers are avoidable and recoverable pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a).

### COUNT III – AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS 740 ILCS 160/5(a)(1) and 8(a) and 11 U.S.C. §§ 544(b)(1) and 550(a)

36. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

37. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

38. The Debtor made the Transfers to Tex-Mex with actual intent to hinder, delay, or defraud its creditors.

39. For example, during negotiations with American Residential in June 2014, Eric Workman, the Debtor's then–Vice President of sales and marketing, threatened American Residential that unless it modified the terms of its agreement with the Debtor, the Debtor and its related entities would dissipate assets for less than a fair consideration or take other steps to delay, hinder, or defraud American Residential of its rights and remedies as a creditor. The negotiations with American Residential failed.

40. By 2014, the Debtor was engaged in ongoing negotiations with one or more of its creditors to avoid collection attempts and potential litigation.

41. Because the Transfers were for goods and/or services received by or for an obligation that was incurred by a related entity, the Debtor's owners, or the family of the Debtor's owners, the Debtor received less than reasonably equivalent value for the Transfers.

42. By paying obligations of its related entities and principals, the Debtor dissipated its own assets, leaving less for its creditors to collect.

43. The Debtor was insolvent at the time of the Transfers or became insolvent shortly after it made the Transfers.

44. The Debtor made the Transfers while it was incurring substantial debt to its existing creditors, such as American Residential.

45. Based upon the foregoing, the Transfers are avoidable pursuant to 740 ILCS 160/5(a)(1) and 8(a) and 11 U.S.C. §§ 544(b)(1) and 550(a).

### COUNT IV – AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 548(a)(1)(A) and 550(a)

46. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

47. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

48. The Debtor made the Transfers to Tex-Mex with actual intent to hinder, delay, or defraud its creditors.

49. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a).

## COUNT V – DISALLOWANCE OF ALL CLAIMS
## 11 U.S.C. § 502(d) and (j)

50. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

51. Tex-Mex is a transferee of the Transfers, which are avoidable under 11 U.S.C. §§ 544 and/or 548, which property is recoverable under 11 U.S.C. § 550.

52. Tex-Mex has not paid the amount of the Transfers, or turned over such property, for which Tex-Mex is liable under 11 U.S.C. § 550.

53. Pursuant to 11 U.S.C. § 502(d), any and all claims of Tex-Mex and/or its assignee, against the Debtor's chapter 7 estate must be disallowed until such time as Tex-Mex pays to the Trustee an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

54. Pursuant to 11 U.S.C. § 502(j), any and all claims of Tex-Mex, and/or its assignee, against the Debtor's chapter 7 estate must be reconsidered and disallowed until such time as Tex-Mex pays to the Trustee an amount equal to the aggregate amount of the Transfers plus interest thereon and costs.

## PRAYER FOR RELIEF

**Wherefore**, the Trustee requests that this Court grant the following relief against Tex-Mex:

1. On Counts I, II, III, and IV, judgment in favor of the Trustee and against Tex-Mex (a) avoiding all of the Transfers and (b) entering a money judgment against Tex-Mex in the amount of $401,976.37 or such higher amount that may be established at trial, plus interest from the date of the Transfer at the maximum legal rate, costs, and expenses of this action including, without limitation, attorneys' fees;

      2.    On Count V, judgment in favor of the Trustee and against Tex-Mex disallowing any claims held or filed by Tex-Mex against the Debtor until Tex-Mex returns the Transfers to the Trustee; and

      3.    Granting the Trustee such other and further relief as this Court may deem just and proper.

Dated: March 21, 2019        **Ronald R. Peterson, as chapter 7 trustee for Mack Industries, Ltd.**

                              By: */s/ Ariane Holtschlag*
                              One of his attorneys

Ariane Holtschlag
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    312-878-4830
Fax:   (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

*Special Counsel for the Chapter 7 Trustee*